UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL J. SAFT<br>3300 TOWNSHIP RD. 26<br>CARDINGTON, OHIO 43315 | CASE NO: |
| and | |
| JESSICA SAFT<br>3300 TOWNSHIP RD. 26<br>CARDINGTON, OHIO 43315 | JUDGE:<br><br>MAGISTRATE: |
| Plaintiffs, | |
| vs. | |
| | **COMPLAINT** |
| BRAR FREIGHTLINES<br>4523 27 AVENUE NW<br>EDMONTON, ALBERTA, CANADA<br>T6L3X3 | (Jury Demand Endorsed Hereon) |
| and | |
| SANJANBIR SINGH HUNDAL<br>9906 96 AVENUE<br>GRAND PRAIRIE, ALBERTA,<br>CANADA T8V0M2 | |
| and | |
| JOHN DOE EMPLOYER- whose name<br>and address could not be determined after<br>reasonable due dilegence,<br>4523 27 Avenue NW<br>Edmonton, Alberta, Canada T6L3X3 | |
| Defendants. | |

Now come Plaintiffs, DANIEL J. SAFT and JESSICA C. SAFT, by and through undersigned counsel, and for their Complaint against Defendants, state as follows:

## PRELIMINARY STATEMENT

This case arises from a commercial truck/motor vehicle collision which occurred on February 18, 2017, in Morrow County, Ohio. That day, a commercial truck driver, SANJANBIR SINGH HUNDAL, employed by BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER, was driving a 2013 Freightliner semi-tractor and attached trailer.  HUNDAL pulled out of a private drive, and turned left in front of oncoming traffic attempting to travel northbound on SR 61.  In doing so, he caused a violent collision with a vehicle driven by JESSICA SAFT and occupied by DANIEL J. SAFT.   As a direct and proximate result of HUNDAL's negligent, reckless, willful and/or wanton actions, the truck owner's negligent entrustment, and the trucking company's negligent hiring, training, supervision and retention, DANIEL J. SAFT and JESSICA SAFT sustained significant and permanent injuries.   JESSICA SAFT also incurred significant orthopaedic injuries which required surgery.

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, DANIEL J. SAFT, currently resides at 3300 Township Rd. 26, Cardington, Ohio 43315.

2.     Plaintiff, JESSICA SAFT, currently resides at 3300 Township Rd. 26, Cardington, Ohio 43315.

3.     Plaintiffs, DANIEL J. SAFT and JESSICA SAFT, are a married couple.

4.     Defendant, BRAR FREIGHTLINES, is registered with the Federal Motor Carrier Safety Administration with USDOT Number 2927585, and is a business entity organized and existing under the laws of Canada, with its principal place of business at 4523 27 Avenue

NW, Edmonton, Alberta, Canada, and who conducted business in the State of Ohio.

5.  Defendant SANJANBIR SINGH HUNDAL, at all relevant times herein, resided at 9906 96 Avenue, Grand Prairie, Alberta, Canada T8V0M2 ("HUNDAL"), and conducted buisness in the State of Ohio by operating a commercial motor vehicle in the course and scope of his employment and/or agency.

6.  At time of this crash, Defendant HUNDAL was the operator of the 2013 Freightliner semi-truck and was engaged in the course and scope of employment or agency with Defendants BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER and was acting as an agent on behalf of those Defendants and/or at their direction and control.

7.  Upon information and belief, and at all relevant times herein, it is believed that Defendants BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER was/were the employer(s) and/or principal(s) of Defendant HUNDAL and were responsible for his hiring, training, supervision and retention as an employee, agent, and/or contractor.

8.  Defendants HUNDAL, BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER were at all times responsible for the maintenance, repair, and servicing of the truck HUNDAL was operating at the time of the subject crash.

9.  Defendant BRAR FREIGHTLINES was the owner of the truck HUNDAL was operating at the time of the subject crash.

10. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

11. Venue in this Court is asserted pursuant to 28 U.S.C. §1391 (b) and (c).

## FIRST CAUSE OF ACTION
### *(Negligence)*

12.   Plaintiffs DANIEL J. SAFT and JESSICA SAFT fully incorporate herein all the above paragraphs and allegations as though fully rewritten herein.

13.   On or about February 18, 2017, while traveling northbound on SR 61, in Bennington Township, Morrow County, Ohio, Defendant HUNDAL, in the course and scope of his employment with Defendants BRAR FREIGHTLINES. and/or JOHN DOE EMPLOYER, negligently operated his commercial motor vehicle resulting in a collision involving a motor vehicle driven by JESSICA SAFT and occupied by DANIEL J. SAFT.

14.   At the time of the February 18, 2017 accident, Defendant HUNDAL owed a duty of care to the public, to other drivers and motorists, and to Plaintiffs DANIEL J. SAFT and JESSICA SAFT, to obey state law and state regulations with regard to the safe and lawful operation of a commercial motor vehicle.

15.   Defendant HUNDAL breached these and other duties of that he owed to Plaintiffs DANIEL J. SAFT and JESSICA SAFT, in that he negligently and unlawfully:

   a. Failed to operate his commercial motor vehicle in safe and careful manner;

   b. Failed to keep reasonable control of his commercial motor;

   c. Made an improper turn;

   d. Failed to yield the right of way, and/or

   e. Otherwise failed to operate his commercial motor vehicle in a safe and/or lawful manner.

16.   As a direct and proximate result of Defendant HUNDAL'S negligent and careless actions, Plaintiff, DANIEL J. SAFT, suffered permanent, severe and disabling injuries to his body which caused and will continue to cause into the future, physical, mental and emotional

4

pain and suffering, and which required, and will continue to require into the future, medical treatment and past and future medical expenses.

17. As a direct and proximate result of HUNDAL'S negligence, Plaintiff, DANIEL J. SAFT, has lost and will continue to lose, the ability to perform everyday activities and enjoy life.

18. As a further result, Plaintiff, DANIEL J. SAFT, incurred lost income and will suffer future loss of income and has incurred a loss of earning capacity.

19. As a direct and proximate result of Defendant HUNDAL'S negligent and careless actions, Plaintiff, JESSICA SAFT, suffered permanent, severe, disabling and disfiguring injuries to her body which caused and will continue to cause into the future, physical, mental and emotional pain and suffering, and which required and will continue to require into the future, medical treatment and past and future medical expenses.

20. As a direct and proximate result of HUNDAL'S negligence, Plaintiff, JESSICA SAFT has lost and will continue to lose the ability to perform everyday activities and enjoy life.

21. As a further result, Plaintiff, JESSICA SAFT, has incurred lost income and will suffer future loss of income and has incurred a loss of earning capacity.

22. As a further result, Plaintiffs, DANIEL J. SAFT and JESSICA SAFT, have suffered the loss of services, society, companionship and consortium of each other, and will continue to experience such losses into the future.

## SECOND CAUSE OF ACTION
### (*Negligence Per Se*)

23. Plaintiffs DANIEL J. SAFT and JESSICA SAFT fully incorporate herein all the above paragraphs and allegations as though fully rewritten herein.

24. Defendant HUNDAL violated state and federal statutes and regulations including, but not limited to:

      a.      O.R.C. 4511.44 Right-of-way at highway from any place other than another roadway;

      b.      O.R.C. 4511.202 Operating without being in reasonable control;

25.    Defendant HUNDAL is negligent *per se*, based on these and other statutory violations.

26.    As a result of Defendant's negligence, Plaintiffs suffered and will continue to suffer those damages previously set forth in The First Cause of Action of this Complaint set forth above.

27.    Defendant HUNDAL'S actions demonstrated a conscious disregard for the rights and safety of Plaintiffs DANIEL J. SAFT and JESSICA SAFT and the rest of the motoring public, and he acted with reckless indifference to the consequences to others despite being aware of his own conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs, DANIEL J. SAFT and JESSICA SAFT, demand punitive damages against Defendant HUNDAL.

### THIRD CAUSE OF ACTION
(*Negligence and/or Respondeat Superior of Defendant BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER*)

28.    Plaintiffs DANIEL J. SAFT and JESSICA SAFT fully incorporate all the allegations and paragraphs set forth above as though fully rewritten herein.

29.    Upon information and belief, and at all relevant times it is believed Defendant HUNDAL was working within the course and scope of his employment with Defendants BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER and/or was acting under the direction and/or control of Defendants BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER and/or as an agent and/or contractor for Defendants BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER.

30. At all relevant times Defendant HUNDAL was the statutory and/or common law employee of Defendants BRAR FREIGHTLINES and/or JOHN/DOE EMPLOYER, who were therefore responsible for his actions by virtue of their common law, statutory, and/or vicarious liability under a theory of *respondeat superior*.

31. As a result of Defendants' negligence described above Plaintiffs DANIEL J. SAFT and JESSICA SAFT suffered and will continue to suffer injuries and damages previously set forth in the First Cause of Action of this Complaint.

**FOURTH CAUSE OF ACTION**
*(Negligent Hiring, Retention, & Supervision of Defendant SANJANBIR HUNDAL)*

32. Plaintiffs DANIEL J. SAFT and JESSICA SAFT incorporate all the above allegations and paragraphs as though fully rewritten herein.

33. At all relevant times, Defendants BRAR FREIGHTLINES and/or JOHN JOE EMPLOYER had a duty to act reasonably in hiring, instruction, training, supervising and retaining its drivers and other employees and agents, including Defendant HUNDAL and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

34. Defendants BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER failed in the above-mentioned duties and was/were therefore negligent.

35. Defendants BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER's negligence was a direct and proximate cause of Plaintiffs', DANIEL J. SAFT and JESSICA SAFT, injuries and the damages described in the First Cause of Action of this Complaint.

36. Defendants', BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER, actions demonstrated a conscious disregard of the rights and safety of Plaintiffs, DANIEL J.

SAFT and JESSICA SAFT, and the rest of the motoring public, and were taken with reckless indifference to the consequences to others despite being aware of their conduct and their driver's conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs, DANIEL J. SAFT and JESSICA SAFT, demand punitive damages against Defendants BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER.

### FIFTH CAUSE OF ACTION
*(Negligent Entrustment)*

37. Plaintiffs, DANIEL J. SAFT and JESSICA SAFT, incorporate all above allegations and paragraphs as though fully rewritten herein.

38. At all relevant times Defendant BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER owned the motor vehicle operated by Defendant HUNDAL.

39. Defendants BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

40. Defendants, BRAR FREIGHTLINES and/or JOHN DOE EMPLOYER, negligently entrusted the care, custody and control of their tractor and trailer to Defendant HUNDAL when they knew or should have known of the probability Defendant HUNDAL would negligently operate their vehicle.

41. As a direct and proximate result of the Defendants' negligence described above, Plaintiffs DANIEL J. SAFT and JESSICA SAFT have suffered and will continue to suffer those injuries and damages previously set forth in the First Cause of Action in this Complaint.

42. Defendants' actions demonstrated a conscious disregard of the rights and safety of Plaintiffs, DANIEL J. SAFT and JESSICA SAFT, and the rest of the motoring public, and were taken with reckless indifference to the consequences to others despite being aware of

their conduct and their driver's conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against Defendants.

## SIXTH CAUSE OF ACTION
### *(Negligent Maintenance)*

43. Plaintiffs, DANIEL J. SAFT and JESSICA SAFT, incorporate all above allegations and paragraphs as though fully rewritten herein.

44. At all relevant times herein Defendants BRAR FREIGHTLINES and/or HUNDAL and/or JOHN DOE EMPLOYER had a duty had a duty to exercise reasonable care in maintaining vehicles, they or their agents/employees/bailees used on public roadways including tractors and trailers.

45. Further, Defendants BRAR FREIGHTLINES and/or HUNDAL and/or JOHN DOE EMPLOYER had a duty to exercise reasonable care in providing a tractor and trailer that was mechanically safe for use on public highways and loaded properly.

46. Defendants BRAR FREIGHTLINES and/or HUNDAL and/or JOHN DOE EMPLOYER were negligent in maintaining the tractor and/or trailer and/or Defendants BRAR FREIGHTLINES and/or HUNDAL and/or JOHN DOE EMPLOYER were negligent in providing a safe tractor and/or trailer.

WHEREFORE**,** Plaintiffs DANIEL J. SAFT and JESSICA SAFT, demand judgment against each and all of the Defendants as follows:

    a. Compensatory damages in excess of $75,000.00 for personal injuries and damages and personal property damages suffered in the crash of February 18, 2017;

    b. Punitive damages against each and all of the Defendants;

9

c. Attorney's fees, costs, interests, and any other relief which this Court deems appropriate under the circumstances.

Respectfully submitted,

**KISLING, NESTICO & REDICK, LLC**

*/s/ Nomiki P. Tsarnas*
Nomiki P. Tsarnas (0076134)
Attorney for Plaintiffs
22 E. McKinley Way, Suite A
Poland, Ohio 44514
Phone: 330-869-9007
Fax: 330-869-9008
tsarnas@knrlegal.com

John J. Reagan (0067389)
3412 West Market Street
Akron, Ohio 44333
Attorney for Plaintiffs
Phone: 330-869-9007
Fax: 330-869-9008
reagan@knrlegal.com

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

*/s/ Nomiki P. Tsarnas*
Nomiki P. Tsarnas (0076134)
John J. Reagan (0067389)
Attorneys for Plaintiffs